UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Misty M., <br><br> Plaintiff, <br><br> vs. <br><br> Martin O'Malley, Commissioner of Social Security, <br><br> Defendant. | 2:24-cv-00323-MDC <br><br> **ORDER DENYING MOTIONS TO REMAND (ECF NOS. 11 AND 12) AND GRANTING CROSS-MOTION TO AFFIRM (ECF NO. 13)** |

      This matter involves plaintiff Misty M.'s request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Plaintiff filed *Motions for Remand* (ECF Nos. 11 and 12) and the Commissioner filed a *Cross-Motion to Affirm ("Cross-Motion")*. (ECF No. 13). The Court denies the plaintiff's Motion to Remand and grants the Commissioner's Cross-Motion.

**I. BACKGROUND**

      Plaintiff filed an application for a period of disability and disability insurance benefits on November 4, 2020, alleging disability commencing March 15, 2020. AR 308-322. The ALJ calculated that plaintiff met the special earnings requirements for a period of disability and disability insurance benefits through March 31, 2021. AR 46. The ALJ used the five-step sequential evaluation process to guide the decision. 20 C.F.R. § 404.1520. At step one, the ALJ agreed that plaintiff did not engage in substantial gainful activity since March 15, 2020. AR 46. At step two, the ALJ found that plaintiff suffered from medically determinable severe impairments consisting of degenerative disc disease of the

cervical spine and lumbar spine with possible lumbar radiculopathy; bilateral hip disorders, including status post hip replacement in May 2021; and idiopathic polyneuropathy. *Id.* At step three, the ALJ decided that the impairments did not meet or equal any "listed" impairment. AR 47 (citing 20 C.F.R., Part 404, Subpart P, Appendix 1). The ALJ assessed plaintiff as retaining the residual functional capacity ("RFC") to perform the demands of work as follows:

> sedentary work, except no climbing of ladders, ropes, and scaffolds; no crawling; occasional balancing; with all other postural activities at occasional; frequent bilateral handling and fingering; frequent exposure to noise, vibrations, and hazards; will need to use a cane for uneven terrain or ambulation greater than 100 feet; frequent bilateral overhead reaching; will be off tasks three to five percent of the workday; and frequent exposure to extreme cold, wetness, and pulmonary irritants.

AR 48 (citing 20 C.F.R. §§ 404.1567; 416.967).

At step four, the ALJ compared the RFC assessed to the demands of plaintiff's past relevant work and decided that she could not perform that kind of work. AR 61. The ALJ classified plaintiff as a younger individual on the alleged onset date. *Id.* The ALJ categorized plaintiff as possessing at least a high school education. *Id.* The ALJ treated the question of transferability of skills as immaterial. *Id.* At step five, the ALJ accepted testimony of a vocational expert that an individual of plaintiff's age, education, work experience, and RFC could perform other work. AR 62. The ALJ concluded that plaintiff did not suffer from a disability between March 15, 2020, and the date of the decision. *Id.*

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ does not identify where she came up with her off task percentage limitation contained in the RFC. ECF Nos. 11 and 12. The Commissioner argues that substantial evidence supports the ALJ's assessment that plaintiff is not disabled. ECF No. 13

## II. DISCUSSION

### A. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be

upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ, "is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022).

**B. Analysis**

The ALJ considered the entire record in detail. See AR 44-63. The ALJ found that plaintiff stopped working because of the COVID-19 pandemic and not because her impairments prevented her from working. AR 51-52. The ALJ specifically noted that the record demonstrated that plaintiff applied for unemployment compensation in 2020, 2021, and 2022, and concluded that plaintiff presented herself as ready, willing, and able to work to the State of Nevada during that time. *Id.* The ALJ found that plaintiff could perform a range of sedentary work and would, among other limitations, be off task for three to five percent of the workday. The plaintiff argues that the RFC finding is unsupported by substantial evidence because no medical opinions or other records justify the exact off-task percentage the ALJ identified. ECF No. 12 at 5-7.

The Court finds, however, that the ALJ relied on numerous medical opinions to support the RFC finding. See AR 59-61. For example, several opinions suggested that plaintiff could perform a range of medium or light work, and others showed that plaintiff could perform a less limited range of sedentary work. AR 59-61. The Court reviewed the record, and none of the medical opinions supported any

4

limitations beyond those the ALJ identified. The ALJ here specifically "view[ed] the evidence in the light most favorable" to plaintiff. AR 60. The ALJ found that plaintiff could perform a limited range of sedentary work, with some provision for work time during which plaintiff would be off task. AR 60.

The Court also finds that the ALJ independently reviewed the record and formed conclusions about the medical evidence. For example, the ALJ analyzed the opinions of three State Agency medical consultants (Drs. George Nickles, Susan Ribeiro, and Bich Duong) in specific detail, but found that the administrative findings were only partially persuasive. AR 60. The ALJ found that while they all agreed the claimant is limited to work at the sedentary level of exertion, they gave differing opinions regarding use of a cane and non-exertional limitations. *Id.* The ALJ analyzed these opinions and noted that since she reviewed more evidence than the consultants, she did not include the requirement that instructions must be given in a loud clear voice. *Id.* The ALJ included limitations that none of the medical consultants included in their findings based on (1) the results of diagnostic testing and (2) the plaintiff's demonstrated abilities at the telephone hearing. *Id.*

The ALJ also noted that she analyzed a letter that the plaintiff submitted from Dr. Olson which stated she could not sit for long periods of time, which the ALJ did not find persuasive because the letter pertained to jury duty. *Id.* The ALJ did include off-task time to the RFC based on the opinion from Dr. Olson and plaintiff's subjective complaints. See AR 60-61. The Court find that the ALJ discharged her statutory duty when she determined that the plaintiff is disabled and cannot work as she made specific findings based on the medical evidence. The ALJ reviewed the evidence, interpreted it in a light most favorable to plaintiff, and reached reasonable conclusions about the plausible extent of her functional limitations. The ALJ's findings are supported by substantial evidence and therefore entitled to deference.

C. Conclusion

Substantial evidence supports that ALJ's assessment that plaintiff is not disabled. Plaintiff points to no evidence of any further limitations. Even if the ALJ erred by including an unsupported off-task limitation, any "overinclusion of debilitating factors is harmless." *Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995). While plaintiff argues for a different interpretation of the evidence, the task of weighing the evidence lies solely with the ALJ. The Court affirms the Commissioner's decision.

IT IS SO ORDERED THAT:

1. Plaintiff Misty M.'s Motions for Reversal and/or Remand (ECF No. 11 and 12) are DENIED.

2. The Commissioner's Cross-Motion to Affirm (ECF No. 13) is GRANTED.

3. The Clerk of Court is directed to enter FINAL JUDGMENT in favor of Martin O'Malley, the Commissioner of Social Security.

4. The Clerk of Court shall CLOSE this case.

It is so ordered.

Date: January 23, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge